**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 27, 2013.**



In The

# Fourteenth Court of Appeals

NO. 14-13-00726-CR
NO. 14-13-00727-CR
NO. 14-13-00728-CR

## IN RE DAVID A. PEREZ, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1248823, 1249065, & 1323866**

## MEMORANDUM OPINION

Relator David A. Perez, an inmate confined in the Institutional Division of the Texas Department of Criminal Justice, filed a *pro se* petition for writ of mandamus in this court.[1] *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Shawna L.

---

[1] This is relator's second petition seeking essentially the same relief. *See In re Perez,* Nos. 14-13-00590-CR, 14-13-00591-CR, 14-13-00592-CR, 2013 WL 3871033 (Tex. App.—Houston [14th Dist.] July 23, 2013, orig. proceeding) (not designated for publication) (denying relief because petition failed to demonstrate relator's motion was pending in the trial court).

Reagin, presiding judge of the 176th District Court of Harris County, to sign *nunc pro tunc* orders to amend the sentences in his criminal convictions.[2] Appellant seeks to modify the credit for his pre-sentence time served and to have the judgments reflect that the sentences are to be served concurrently. Relator asserts that his sentences do not comport with the trial court's oral pronouncement at his sentencing hearing.

A *nunc pro tunc* order is appropriate to correct clerical errors in the judgment the trial court actually rendered, but not to correct errors that were the result of judicial reasoning. *See Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). If a trial court fails to award proper credit for pre-sentence jail time at the time the sentence is imposed, the trial court has the authority to correct the judgment to reflect the appropriate time credit by *nunc pro tunc* order and should do so. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). Relief from an improper cumulation order is generally obtained through a post-conviction application for a writ of habeas corpus, however. *See Ex parte Madding*, 70 S.W.3d 131, 135–36 (Tex. Crim. App. 2002) (granting relief and holding that a trial court's oral pronouncement that sentences are to be served concurrently controls over the written judgment's cumulation order).

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and the act he seeks to compel is purely ministerial. *State ex rel. Young v. Sixth Jud. Dist. Ct. App. at Texarkana*, 236 S .W.3d 207, 210 (Tex. Crim. App. 2007) (orig.

---

[2] Appellant entered guilty pleas to two counts of robbery and one count of reckless injury to a child. In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant on October 27, 2011, to confinement for ten years in prison for each offense. In each case, the trial court signed a certification that the defendant had no right to appeal. *See* Tex. R. App. P. 25.2(a)(2). Accordingly, we dismissed relator's direct appeals. *See Perez v State,* Nos. 14-11-00968-CR, 14-11-00969-CR, & 14-11-00970-CR, 2012 WL 27784 (Tex. App.— Houston [14th Dist.] Jan. 5, 2012, no pet.) (not designated for publication).

proceeding). An act is ministerial if it does not involve the exercise of any discretion. *State ex rel. Hill v. Ct. App. for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). When a motion is properly filed and pending before a trial court, the act of considering and resolving it is ministerial, not discretionary. *Ex parte Bates*, 65 S.W.3d 133, 134–35 (Tex. App.—Amarillo 2001, orig. proceeding).

It is relator's burden to provide this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding); Tex. R. App. P. 52.3, 52.7. In this proceeding, relator is required to establish that his motions for *nunc pro tunc* orders were properly filed and are pending before the trial court, he has asked the trial court to rule, and the trial court either refused to rule or failed to rule within a reasonable time. *See Barnes v. State*, 832 S.W.2d 424, 426, 427 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

Although relator states in his petition that he has attached a stamped copy of his motion for *nunc pro tunc* orders, no such copy has been provided. Relator has also failed to provide a copy of the sentencing hearing to which he cites.[3] Included with his petition is a copy of a *nunc pro tunc* order in cause number 1323866 correcting the sentence to reflect that relator is to receive credit for time served from 8/31/2008 to 5/14/2009 and from 1/26/2010 to 10/27/2011.[4] Relator also included copies of the judgments in cause numbers 1248823 and 1249065, in which this first period of time credit has been marked through. The judgments reflect that the sentences "shall run CONCURRENTLY," however.

---

[3] No record from the sentencing hearing was filed in the direct appeals.

[4] We note that a defendant is entitled to "credit on his sentence for the time that the defendant has spent in jail *in said cause*, other than time served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court." Tex. Code (Tex. Crim. App. Proc. art. 42.03 §2(a) (emphasis supplied). Thus, it is possible for the credit to be different for different offenses.

3

Relator has not established that he is entitled to relief. Accordingly, we deny the petition for writ of mandamus.


PER CURIAM

Panel Consists of Justices Frost, Boyce, and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).