# NO. 12-13-00082-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *RICHARD WAYNE TAYLOR,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator Richard Wayne Taylor requests a writ of mandamus directing the trial court to vacate its February 8, 2013 order denying his motion for judgment nunc pro tunc.[1] We deny Relator's petition.

## PROCEDURAL BACKGROUND

On November 3, 2000, while imprisoned for other offenses, Relator committed aggravated assault with a deadly weapon against a fellow inmate. He pleaded guilty pursuant to a plea bargain, which the former trial court judge accepted and sentenced him accordingly. Under the terms of the plea bargain, Relator received presentence credit for his confinement from March 28, 2001 (the date of his indictment for aggravated assault), to April 30, 2001 (the date of the judgment).

Twelve years later, Relator filed a motion for judgment nunc pro tunc in the trial court. He alleged that he was entitled to additional presentence jail time credit from November 3, 2000 (the date of the offense), to March 28, 2011 (the date of the indictment). According to Relator, the former trial court judge violated a ministerial duty by failing to give him credit for this time. Respondent denied the motion, and Relator filed this original proceeding.

---

[1] The respondent is the Honorable Pam Foster Fletcher, Judge of the 349th Judicial District Court, Houston County, Texas.

In his mandamus petition, Relator acknowledges that he signed a waiver agreeing to the State's recommendation of thirty-three days jail credit as part of his plea bargain. He contends, however, that Texas Code of Criminal Procedure Article 42.03 and Texas Rule of Appellate Procedure 23.2 "override[] the waiver." Therefore, he reasons that (1) the former trial court judge had a "mandatory ministerial duty" to reject the State's recommendation for pretrial jail credit, (2) Respondent had a ministerial duty to correct the error, and (3) mandamus should issue because of Respondent's failure to perform this ministerial act.

## PREREQUISITES TO MANDAMUS

In a criminal case, a relator is entitled to mandamus relief only if he establishes (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *In re State ex rel. Weeks*, 391 S.W.3d 117, 121-22 (Tex. Crim. App. 2013) (orig. proceeding); *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding).

An act is not ministerial if a judge must exercise discretion or resolve conflicting legal claims. *State ex rel. Hill v. Court of Appeals for the Fifth District*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). On the other hand, an act is ministerial if the one making the request has a clear legal right that is so obviously spelled out that the judge would not have any discretion about whether or not to perform the duty. *Id*. at 927-28. The relator has the burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) (per curiam).

## AVAILABILITY OF MANDAMUS

The trial court is required to grant a defendant presentence jail time credit when sentence is pronounced. TEX. CODE CRIM. PROC. ANN. art. 42.03 § 2(a) (West Supp. 2013); TEX. R. APP. P. 23.2. If the proper credit is not granted, the trial court has the authority to issue a judgment nunc pro tunc to reflect the appropriate time credit and should do so. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (orig. proceeding).

> When a defendant can show indisputably that he has been denied jail-time credit for a period of pre-trial incarceration for the identical case for which he was convicted and sentenced, he is entitled to relief from the convicting court in the form of a judgment nunc pro tunc and, failing that, by writ of mandamus in the court of appeals.

***In re Brown***, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (orig. proceeding) (per curiam). An incorrect calculation of the amount of jail time credit awarded to a defendant, or the omission of any statutory jail time credit, can be adjusted in this manner. ***Collins v. State***, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007).

Here, Relator appropriately filed a motion for judgment nunc pro tunc, which Respondent denied. Because there is no adequate remedy at law to address the alleged harm, Relator is permitted to petition for a writ of mandamus. *See **id**.* But the record reflects, and Relator admits, that the thirty-three day time credit reflected in the judgment was recommended by the State as part of a negotiated plea agreement. He also admits that he agreed to accept the State's recommendation.

A judgment nunc pro tunc provides a method for trial courts to correct a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. ***Blanton v. State***, 369 S.W.3d 894, 898-99 (Tex. Crim. App. 2012). Thus, corrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning. ***Id***. This means that errors resulting from judicial reasoning cannot be corrected by a judgment nunc pro tunc. *See **id**.*

In this case, the former trial court judge exercised judicial reasoning when he chose to accept the State's sentencing recommendation and allow the terms of the plea bargain to control. *See **Collins***, 240 S.W.3d at 928. He then entered judgment in accordance with those terms. Thus, the record before us does not show that there was "simply a miscalculation in the number of days of [presentence jail time credit] to be awarded, or a mistake in the transcription of the judgment into the court records." *See **id**.* at 929. Instead, Relator alleges, in substance, that a judicial error occurred. A judgment nunc pro tunc is not the proper remedy for the failure to award additional jail time credit in this circumstance.[2] *See **id**.* Therefore, we cannot agree with Relator that the act he seeks to compel is ministerial.

---

[2] We express no opinion about whether Relator would have been entitled to the additional credit he seeks if there had been no plea bargain.

3

<u>CONCLUSION</u>

Relator did not show in the trial court, and has not shown here, that he is "indisputably" entitled to a judgment nunc pro tunc.  *See **In re Brown***, 343 S.W.3d at 805.  Consequently, Relator has not satisfied the ministerial act prerequisite to mandamus.  Accordingly, we ***deny*** Relator's petition for writ of mandamus.  All pending motions are overruled as moot.


<u>**JAMES T. WORTHEN**</u>
Chief Justice


Opinion delivered December 4, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### DECEMBER 4, 2013

### NO. 12-13-00082-CR

**RICHARD WAYNE TAYLOR,**
Relator
V.
**HON. PAM FOSTER FLETCHER,**
Respondent

Original Proceeding from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 01CR034)

ON THIS DAY came to be heard the petition for writ of mandamus filed by Relator, **RICHARD WAYNE TAYLOR**, who is the Defendant in Cause No. 01CR034, pending on the docket of the 349th Judicial District Court of Houston County, Texas. Said petition for writ of mandamus having been filed herein on March 15, 2013, and the same having been duly considered, because it is the opinion of this court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is here by **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*