IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,485-01






IN RE SEAN HUSTON BROWN, Relator








ON APPLICATION FOR A WRIT OF MANDAMUS


FROM FORT BEND COUNTY




 Per Curiam.


ORDER


 In this application for writ of mandamus, the relator requests that we order the trial
court to enter a judgment nunc pro tunc awarding him a certain period of pre-trial jail-time
credit. (1) The Fourteenth Court of Appeals has already denied the relator mandamus relief, (2)
and rightly so. Today we deny mandamus relief as well. We write additionally to alert
unwary trial counsel of the need to address an issue such as the one presented in this case at
the appellate level rather than relying upon the illusory promise of a post-conviction remedy. 
A motion for judgment nunc pro tunc or a writ of mandamus to the appellate court if such
a motion is denied will provide a remedy only if the right to pre-trial jail-time credit is
absolutely indisputable under the terms of Article 42.03, Section 2(a)(1). (3)

 The relator was arrested on July 12, 2006, charged with murder. But on December
17, 2007, some seventeen months later, after the relator's co-defendant claimed that the
relator was not involved in the murder, but only helped destroy the body, the State re-indicted
the relator for tampering with evidence, a third degree felony offense at the time of its
commission. (4) The relator pled guilty to this newly charged offense in accordance with a plea
bargain with the State. The terms of the plea bargain did not embrace credit against the
relator's sentence for any pre-trial jail time. At the time that the relator entered his plea, on
March 4, 2008, counsel for the relator made a statement for the record that he intended, at
some later date, to make an issue of whether the relator should be credited for the time he
spent in jail on the original murder charge, before he was re-indicted for tampering with
evidence. He alerted the trial court that "it's something you may have to deal with down the
road" in the guise of a motion nunc pro tunc, but he also assured the trial court that "it is not
affecting the plea in this case today." The trial court accepted the guilty plea and sentenced
the relator to ten years' confinement in the penitentiary, crediting him with no more than the
78 days between the date of re-indictment for tampering with evidence and the date of
sentencing. The trial court also dismissed the murder indictment.

 The relator's present counsel (different than trial counsel) subsequently filed a motion
for judgment nunc pro tunc, which the trial court denied. Present counsel then filed an
application for writ of mandamus in the court of appeals. That court denied mandamus
relief, observing that whether the relator was entitled to credit against his sentence for the
time he spent in jail on the murder charge before he was re-indicted for tampering with
evidence was a matter for judicial determination, requiring the trial court "to weigh and
resolve conflicting legal claims." (5) Relying upon this Court's opinion in Collins v. State, (6) the
court of appeals held that "[b]ecause the trial court was required to make a determination
regarding whether [the relator] was entitled to additional jail time credit, no ministerial act
was implicated." (7) Mandamus relief is unavailable to compel non-ministerial judicial acts. (8)

 Whenever a defendant can show indisputably that he has been denied jail-time credit
for a period of pre-trial incarceration for the identical "case" for which he was convicted and
sentenced, he is entitled to relief from the convicting court in the form of a judgment nunc
pro tunc and, failing that, by writ of mandamus in the court of appeals. (9) At issue in this case,
however, is whether the relator's incarceration under the original murder indictment should
count as incarceration for the same "case" as the tampering with evidence "case" for which
he was later indicted and convicted. It does not seem to be disputed that the murder and
evidence tampering arose from the same core facts. Whether that should suffice to render
them the same "case" for purposes of Article 42.03, Section 2(a)(1), however, is a matter of
statutory construction--manifestly a judicial rather than a ministerial function. (10) Such a
manifestly judicial function is not subject to revision by a judgment nunc pro tunc, we held
in Collins, because any error in the judicial decision is not a "clerical" one, and an appellate
court may not properly mandamus a trial court to enter a judgment nunc pro tunc in these
circumstances. (11) Accordingly, we deny leave to file the relator's application for writ or
mandamus. (12)

 The moral of the story: If a claim of pre-trial jail-time credit involves a question of
the proper construction of the statute, as here, trial counsel would do well to try to preserve
the issue for appellate resolution. Post-conviction remedies will prove to be of no avail.


DELIVERED: April 13, 2011

PUBLISH
1. See Ex parte Florence, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010) (ordinarily, inmate
must seek erroneously denied pre-trial jail-time credit by way of a motion for judgment nunc pro
tunc, and, failing that, by filing application for writ of mandamus in court of appeals before
attempting to seek mandamus relief in this Court).
2. In re Sean Huston Brown, 2010 WL 2541885 (No. 14-10-00503-CR, Tex. App.--Houston
[14th], delivered June 25, 2010) (not designated for publication).
3. See Tex. Code Crim. Proc. art. 42.03, § 2(a)(1) ("In all criminal cases the judge of the court
in which the defendant is convicted shall give the defendant credit on the defendant's sentence for
the time that the defendant has spent . . . in jail for the case . . . from the time of his arrest and
confinement until his sentence by the trial court").
4. See Tex. Penal Code § 37.09( c ) & (d)(1) prior to amendment by Acts 2007, 80th Leg. ch.
287, § 1, p. 561, eff. Sept. 1, 2007.
5. In re Brown, supra at *2.
6. 240 S.W.3d 925 (Tex. Crim. App. 2007).
7. In re Brown, supra.
8. See, e.g., State ex rel. Young v. Sixth Jud. Dist. Court of Appeals, 236 S.W.3d 207, 210 (Tex.
Crim. App. 2007) (mandamus applicant must establish, inter alia, "that what he seeks to compel is
a ministerial act, not involving a discretionary or judicial decision").
9. Ex parte Ybarra, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004); Ex parte Deeringer, 210
S.W.3d 616, 617-18 (Tex. Crim. App. 2006).
10. See Simon v. Lavario, 306 S.W.3d 318, 321 (Tex. Crim. App. 2009) ("[I]t is improper [for
a superior court] to order a trial court to exercise its judicial function in a particular way unless the
relator has a 'clear right to the relief sought,' i.e., the law he invokes is definite, unambiguous, and
unquestionably applies to the indisputable facts of the case.") (emphasis added).
11. 240 S.W.3d at 929.
12. Tex. R. App. P. 72.1 & 72.2.