In The

# *Court of Appeals*

# *Ninth District of Texas at Beaumont*

_____

## NO. 09-12-00526-CR
_____

## PAUL RAY DESILETS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 08-12-11262  CR**

## MEMORANDUM OPINION

This Court affirmed the trial court's judgments in an appeal by Paul Ray Desilets of convictions for intoxication assault. *See Desilets v. State*, No. 09-09-00375-CR, 2010 WL 3910588 (Tex. App.—Beaumont Oct. 6, 2010, pet. ref'd); *see also* Tex. Penal Code Ann. § 49.07 (West 2011). Later the trial court denied Desilets's motion for entry of judgment nunc pro tunc, and Desilets filed a notice of appeal.

"The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012)

1

(quoting *Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008)). A nunc pro tunc judgment may be appealed. *Id.* at 904. Errors that are not the result of judicial reasoning are sometimes considered clerical errors that can be fixed by a nunc pro tunc order. *See Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). In this case, the trial court denied Desilets's motion to delete the cumulation order from the judgment. "The trial court cannot, through a judgment nunc pro tunc, change a court's records to reflect what it believes should have been done." *Id.* The signing of an order denying a motion for entry of judgment nunc pro tunc is not an appealable event. *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism'd).

In response to our inquiry regarding jurisdiction, Desilets requested mandamus relief. He contends the trial court had a ministerial duty to correct the judgment by deleting the cumulation order. *See Ex parte Madding*, 70 S.W.3d 131, 135-36 (Tex. Crim. App. 2002) (A trial court's oral pronouncement that sentences be served concurrently controls over the written judgment's cumulation order.). The parties' submissions to the trial court on Desilets's motion for judgment nunc pro tunc reflect the dispute. Desilets claimed that the trial court orally pronounced sentence without stating that the sentences for intoxication assault would be served consecutively. The State claimed that a visiting judge conducted the trial and received the jury's verdict, that the judge of the 359th District Court reconvened the proceedings the following day and the parties agreed to recess until the visiting judge could return to decide the issue of cumulation, and that the

visiting judge pronounced sentence and ordered that Desilet's sentences for intoxication assault be served consecutively. *See* Tex. Penal Code Ann. § 3.03(b)(1)(A) (West Supp. 2012).

Desilets failed to challenge the trial court's decision to cumulate the sentences in his original appeal. An order denying a motion for judgment nunc pro tunc is not appealable. Under the circumstances it would not be proper for this Court to grant a writ of mandamus or exercise jurisdiction over this appeal.[1] We dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.

_____
DAVID GAULTNEY
Justice

Opinion Delivered January 30, 2013
Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.

---

[1] To resolve the jurisdictional and procedural issues before us, we need not determine whether the trial court correctly ordered cumulation, and the issue might arise in subsequent habeas proceedings. Accordingly, we do not address the merits of the issues attempted to be raised in this appeal.