

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00411-CR

**IN RE** Carl **DEATON**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: July 16, 2014

PETITION FOR WRIT OF MANDAMUS DENIED

Relator Carl Deaton filed a pro se petition for writ of mandamus on June 11, 2014. This court issued an opinion denying mandamus relief on June 18, 2014. Relator filed a supplemental petition for writ of mandamus on June 20, 2014, asking this court to compel the trial judge to enter a judgment nunc pro tunc modifying Deaton's 2012 judgment of conviction to reflect additional pre-sentence jail time credit. We deny Deaton's supplemental petition for writ of mandamus.

Deaton was convicted and sentenced in accordance with a plea bargain agreement he entered into on advice of counsel. Deaton now contends his judgment of conviction does not reflect all of the pre-sentence jail time credit to which he was entitled. Deaton asserts the trial court abused its discretion in denying his motion for judgment nunc pro tunc by which he sought to amend his

---

[1] This proceeding arises out of Cause No. 2010CR11883, styled *The State of Texas v. Carl Deaton*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

judgment of conviction and sentence. Deaton did not provide this court with a copy of his motion for judgment nunc pro tunc, any response filed by the State, any order denying the motion, or any record of the underlying proceedings. *See* TEX. R. APP. P. 52.3(k); 52.7.

To obtain mandamus relief in a criminal matter, the relator must establish that the act sought to be compelled is ministerial rather than discretionary in nature and that there is no other adequate remedy at law. *State ex rel. Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). An act is not ministerial if a judge must exercise discretion or resolve any conflicting legal claims. *Id*. A nunc pro tunc order is appropriate to correct clerical errors in the judgment rendered but not errors that were the result of judicial reasoning or discretion. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007).

We are unable to determine that the trial court had a ministerial duty to award additional pre-sentence jail time credit in this instance. Deaton has not established that he is entitled to mandamus relief. Accordingly, the supplemental petition for writ of mandamus is denied.

PER CURIAM

DO NOT PUBLISH