# NOS. 12-16-00271-CR
## 12-16-00272-CR
## 12-16-00273-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | *§* | |
| *TRACY RAY GIBSON,* | *§* | *ORIGINAL PROCEEDING* |
| *RELATOR* | *§* | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Relator Tracy Gibson was convicted of robbery in three separate cause numbers. His sentence was imposed on April 4, 2016. On September 21, 2016 (more than five months after sentence was imposed), he filed a notice of appeal in each cause number (appellate cause numbers 12-16-00167-CR, 12-16-00168-CR, and 12-16-00169-CR).[1]

In these original mandamus proceedings, Relator provided a copy of his "Motion for Denial of Allocution Rights," which he filed in the trial court. In the motion, he identifies certain errors that he contends occurred at trial and informs the trial court that these errors require reversal. Relator asserts that the motion was filed more than thirty days ago and the trial court has not yet ruled on it. He requests a writ of mandamus directing the trial court to rule on the motion. He argues that, because his notice of appeal from each of his convictions was untimely, he has no remedy available except mandamus.

A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). In general, however, it does not have a duty to rule

---

[1] On September 22, 2016, this Court notified Appellant that his notice of appeal in these cause numbers was untimely and gave him an opportunity to show the jurisdiction of this Court. His deadline for doing so is October 7, 2016.

on "free-floating motions unrelated to currently pending actions. In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case." *In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.–Texarkana Apr. 13, 2004, orig. proceeding).

In a criminal case, if no party timely files a motion for new trial, a motion in arrest of judgment, or other similar motion, the trial court's plenary power expires thirty days after sentence is imposed or an appealable order is issued. TEX. R. APP. P. 21.4, 22.3; *Collins v. State*, 240 S.W.3d 925, 927 n.2 (Tex. Crim. App. 2005). Relator has not shown that he filed any motion that extended the trial court's plenary power. Therefore, the trial court's plenary power expired on May 4, 2016 –thirty days after his sentence was imposed. The record indicates that Relator filed his "Motion for Denial of Allocution of Rights" on or after August 8, 2016. Because the trial court's plenary power has expired, it has no jurisdiction to rule on Relator's motion. Accordingly, Relator is not entitled to mandamus relief, and we *deny* his petition for writ of mandamus.

Opinion delivered September 30, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2016**

**NO. 12-16-00271-CR**

**TRACY RAY GIBSON,**
Relator
V.
**HON. CAMPBELL COX, II,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **TRACY RAY GIBSON**, who is the relator in Cause No.F149622007, pending on the docket of the 145th Judicial District Court of Nacogdoches County, Texas. Said petition for writ of mandamus having been filed herein on September 26, 2016, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2016**

**NO. 12-16-00272-CR**

**TRACY RAY GIBSON,**
Relator
V.
**HON. CAMPBELL COX, II,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **TRACY RAY GIBSON**, who is the relator in Cause No.F149632007, pending on the docket of the 145th Judicial District Court of Nacogdoches County, Texas. Said petition for writ of mandamus having been filed herein on September 26, 2016, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2016**

**NO. 12-16-00273-CR**

**TRACY RAY GIBSON,**
Relator
V.
**HON. CAMPBELL COX, II,**
Respondent

---

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **TRACY RAY GIBSON**, who is the relator in Cause No.F149642007, pending on the docket of the 145th Judicial District Court of Nacogdoches County, Texas. Said petition for writ of mandamus having been filed herein on September 26, 2016, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*