

NUMBER 13-16-00152-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

WALLY SALDANA,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

**On appeal from the 156th District Court
of Bee County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Benavides**

By two issues, which we address as one, appellant Wally Saldana argues the trial

court erroneously ordered a fine and restitution as part of a judgment nunc pro tunc when

the amounts were not ordered as part of the court's oral pronouncement.    Saldana also

argues the judgment nunc pro tunc contains an incorrect amount for court costs because

the figure contains fine and restitution amounts which are erroneous.   We affirm.

## I.   BACKGROUND

Saldana was originally placed on three years' deferred adjudication probation for the offense of tampering with evidence, a third–degree felony.   *See* TEX. PENAL CODE ANN. § 37.09 (West, Westlaw through 2015 R.S.).   As part of the terms of his probation, Saldana was assessed a $1,500.00 fine and ordered to pay $140.00 in restitution, to be paid through the term of his probation period.

After numerous modifications to his probation terms and motions to revoke filed by the State, Saldana was adjudicated on his probation.   On March 10, 2016, the trial court removed Saldana from his deferred adjudication probation and sentenced him to ten years imprisonment in the Texas Department of Criminal Justice–Institutional Division. However, the trial court probated that sentence for a term of five years.   During the oral pronouncement of the sentence, the trial court did not include a fine or restitution amount as part of its judgment.[1]

Shortly thereafter, Saldana signed documents listing the conditions of probation, which included a fine of $1000.00 and information on paying the restitution amount. Eleven days later, Saldana and the trial court both signed a document modifying Saldana's probation to include court costs and changing the fine amount from $1,000.00 to $1,500.00.   On March 24, 2016, the trial court issued a "Judgment Nunc Pro Tunc" that reflected the change in the fine and restitution amounts.   Saldana filed a motion for

---

[1]   The docket sheet entry from March 10, 2016, indicated the term of probation as well as the balance of the fine and court costs being entered orally.   However, that is not apparent from the record of the hearing.

2

new trial that was denied by operation of law and this appeal followed.

## II. JUDGMENT NUNC PRO TUNC WAS ALLOWED TO CORRECT CLERICAL ERROR

By his first issue, Saldana argues the trial court erroneously included a fine and restitution amount in the judgment nunc pro tunc when it was not included in the initial judgment.

### A. Applicable Case Law and Discussion

"A defendant's sentence must be pronounced orally in his presence." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). "The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement." *Id*. "When there is a conflict between the oral pronouncement of the sentence and the sentence in the written judgment, the oral pronouncement controls." *Id*. Additionally, a "judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered." *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). This "means that a trial court can fix a clerical error in the record, but only errors that were not the result of judicial reasoning are considered clerical errors that can be fixed by a nunc pro tunc order." *Id*. "The trial court cannot, through a judgment nunc pro tunc, change a court's records to reflect what it believes should have been done." *Id*.

Here, the trial court pronounced Saldana's sentence orally stating, "I'm sentencing you to ten years in the Institutional Division of the Texas Department of Criminal Justice, that will be probated for five, with all the terms and conditions of probation as set for in the–I would say revocation report, State's Exhibit No. A." Although the trial court stated the term of years of Saldana's probation, Saldana argues that the fine and restitution

3

amount were not included.

However, State's Exhibit No. A was a post-sentence investigation report admitted into evidence with no objection by Saldana earlier during the adjudication hearing. State's Exhibit No. A specifically laid out conditions of probation the probation department recommended, as well as the $140.00 restitution fee. The trial court made clear it was adopting the conditions as recommended, as well as the restitution amount included. Saldana and his counsel were given a copy of the report prior to the adjudication hearing and were aware of the conditions contained therein. Therefore, we hold that the trial court orally pronounced the restitution amount, and we further conclude that it was validly contained in the judgment nunc pro tunc.

Relating to the fine, although it was not contained in State's Exhibit No. A, we hold Saldana agreed to the amount. Following the pronouncement of his sentence, Saldana was presented with, and signed, a document titled "Order Amending Conditions of Community Supervision." Included in that document was the condition adding a fine in the amount of $1,500.00 as a condition of probation.[2] Saldana, as well as the trial court, signed and agreed to the amendment of conditions. We hold Saldana agreed to the stated fine amount as modified and has waived this issue on appeal. *See* TEX. R. APP. P. 47.1.

---

[2] Following the sentence, Saldana signed a document entitled "Conditions of Community Supervision," which included a condition of a fine in the amount of $1,000.00. The "Order Amending Conditions of Community Supervision" deleted the fine in the amount of $1,000.00 and replaced it with the current fine amount of $1,500.00. However, we disregard the initial fine issued is disregarded based on the supplemental order issued by the trial court and signed by Saldana.

4

Finding that both the fine and restitution amount were properly included in the judgment nunc pro tunc, we overrule Saldana's first issue.[3]

### III. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
6th day of October, 2016.

---

[3] Saldana also complains on appeal that the trial court erroneously determined the amount of his court costs because it was mistaken regarding the amount of his fine. However, since we have determined that the fine was properly included as part of the judgment nunc pro tunc, we hold the court costs were determined based on the proper fine amount and overrule Saldana's second issue.