**Opinion issued December 15, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-01082-CR

————————————

**MARION HOOVER SMALL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 506th District Court
Waller County, Texas
Trial Court Case No. 15-03-15166

## MEMORANDUM OPINION

Appellant, Marion Hoover Small, was indicted for possession of a controlled

substance.[1]   Appellant pleaded not guilty.   A jury found Appellant guilty and

---

[1]    *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(8), .115(a), (d) (Vernon
2010).

sentenced him to life imprisonment. In two issues, Appellant argues that the evidence is insufficient to support his conviction and that the State failed to turn over material evidence about a witness after Appellant was convicted.

We affirm.

## Background

On February 28, 2015, Officer M. Lerma arrested Appellant for public intoxication. Before the arrest, Appellant struggled to keep his balance and could not answer simple questions from the officers. Officer Lerma testified that Appellant reeked of alcohol and phencyclidine (more commonly known as "PCP"). Police performed a pat down search at the scene and did not find anything.

After Officer Lerma arrested him, Appellant became belligerent. Officer Lerma asked Appellant to get into a police car, and Appellant refused. It took three officers to put Appellant into the back of the police car as Appellant struggled.

At the police station, Officer M. Ramonda performed an inventory of Appellant's possessions. He found a bottle of mouthwash with a clear, pale-yellow liquid inside of it in Appellant's breast pocket. When Officer Ramonda pulled the bottle out of Appellant's pocket, Appellant said unprompted, "[T]hat's not mine." The liquid in the bottle tested positive for phencyclidine.

2

**Sufficiency of the Evidence**

In his first issue, Appellant argues the evidence is insufficient to establish that he knowingly possessed drugs.

**A.     Standard of Review**

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under a single standard of review. *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (citing *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)). This standard of review is the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013).

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Finally, the "cumulative force" of all the circumstantial evidence can be sufficient for a jury to find the accused guilty beyond a reasonable doubt. *See Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

**B.    Analysis**

Appellant was charged with possession of at least four grams but less than 200 grams of phencyclidine. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(8), .115(a), (d) (Vernon 2010). "[A] person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1, unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice." *Id.* § 481.115(a).

4

Phencyclidine is listed in Penalty Group 1. *Id.* § 481.102(8); *Jackson v. State*, 483 S.W.3d 78, 79 n.1 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd).

To establish that a defendant knowingly possessed a drug, the State "must meet two evidentiary requirements: first, the State must prove that appellant exercised actual care, control and management over the contraband; and second, that appellant had knowledge that the substance in his possession was contraband." *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). "If the controlled substance can be seen and measured, the amount is sufficient to establish the defendant knew it was a controlled substance." *Victor v. State*, 995 S.W.2d 216, 220 (Tex. App.— Houston [14th Dist.] 1999, pet. ref'd).

The evidence here establishes that over 20 grams of phencyclidine were found in Appellant's shirt pocket. Twenty grams of drugs can be seen and measured. *See id.* Keeping something in a shirt pocket exercises care, control, and management over it. *See Akins v. State*, 202 S.W.3d 879, 892 (Tex. App.—Fort Worth 2006, pet. ref'd) (holding proof of drugs in defendant's pocket "was abundant evidence of his possession" of drugs).

Appellant argues that the evidence is insufficient because the bottle was not found in his pocket during the initial pat down. Appellant also argues the bottle would have become dislodged from his shirt pocket during the struggle to get him into the police car. This argument was presented to the jury, which rejected the

argument. Nothing in the record establishes that the jury was required to credit this argument or that the argument necessarily establishes reasonable doubt.

We overrule Appellant's first issue.

## Suppression of Material Evidence

In his second issue, Appellant argues that the State failed to turn over evidence that may have been material to guilt or innocence. The alleged material evidence is not in the record. Nor, according to Appellant's brief, was it presented to the trial court within the required time. *See* TEX. R. APP. P. 33.1 (requiring complaints to be presented to and ruled on by trial court before matter can be raised on appeal); *Collins v. State*, 240 S.W.3d 925, 927 n.2 (Tex. Crim. App. 2007) (holding trial court has plenary power to rule on motion if it is filed within 30 days of sentencing). We hold this issue has not been preserved for appeal.

We overrule Appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

6