**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 5, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00160-CR

---

### IN RE JUAN MANUEL ORTIZ, JR., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 9422267**

---

## MEMORANDUM OPINION

On February 25, 2019, relator Juan Manuel Ortiz, Jr. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Susan Brown, former judge of the 185th District Court of Harris County, to enter a

judgment nunc pro tunc to correct the judgment to reflect a conviction for robbery instead of aggravated robbery.[1]

Relator was indicted in 1994 for aggravated robbery. He pleaded guilty in 1995 and was placed on deferred adjudication probation for eight years. After the State moved to revoke relator's probation, the trial court adjudicated relator's guilt for aggravated robbery in 2000 and sentenced him to incarceration for life. Relator filed a motion for judgment nunc pro tunc, asking the trial court to enter a judgment adjudicating a conviction for robbery instead of aggravated robbery. The trial court denied relator's motion on September 12, 2018.

To be entitled to mandamus relief, a relator must show that (1) the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017). An act is ministerial if it does not involve the exercise of discretion or judicial determination. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987).

"A judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered."

---

[1] Judge Brown left the bench on January 1, 2019. When a respondent in an original proceeding ceases to hold office, we must abate the proceeding and permit the successor judge to reconsider the decision regarding relator's request for relief. *See* Tex. R. App. P. 7.2(b). However, abatement is not necessary when there is no possibility of mandamus relief. *See In re Pfiffner*, No. 05-15-01208-CV, 2015 WL 5783806, at *1 (Tex. App.—Dallas Oct. 5, 2015, orig. proceeding) (mem. op.) ("When there is no possibility that mandamus relief will be granted, the purpose of rule 7.2(b) is not served by requiring the successor judge to reconsider the predecessor's ruling."); *see also In re James Constr. Grp. LLC*, No. 14-16-00966-CV, 2017 WL 177671, at *1 (Tex. App.—Houston [14th Dist.] Jan. 13, 2017, orig. proceeding [mand. denied]) (mem. op.) (per curiam); (holding that it was not necessary to abate under rule 7.2(b) because the relator had not made showing that it lacked an adequate remedy by appeal). As discussed below, there is no possibility of mandamus relief because relator did not meet the requirements for a judgment nunc pro tunc.

*Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). "The corrections must reflect the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment." *Blanton v. State*, 369 S.W.3d 894, 898 (Tex. Crim. App. 2012). "Corrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning." *Id.* "[A] nunc pro tunc judgment is improper if it modifies, changes, or alters the original judgment pronounced in court, or has the effect of making a new order." *Id.*

Relator bases his claim that the judgment adjudicating him for the offense of aggravated robbery is incorrect because he pleaded guilty to "robbery" at the hearing during which he was placed on deferred adjudication probation. Relator has attached to his petition a copy of the reporter's record of the hearing, which shows that relator pleaded guilty to the "felony of robbery." However, a written copy of the plea document shows that relator pleaded guilty to aggravated robbery.

Here, the judgment adjudicating relator's conviction for aggravated robbery mirrors the plea documents, in which relator pleaded guilty to aggravated robbery. Therefore, a judgment nunc pro tunc "correcting" the judgment to reflect a conviction for robbery is not appropriate in this case, and the trial court did not abuse its discretion by denying relator's motion for judgment nunc pro tunc.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Hassan, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).