**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 21, 2019.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-00911-CR**

---

**IN RE CHRISTOPHER KEITH HANDY, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1481109**

---

## MEMORANDUM OPINION

On November 13, 2019, relator Christopher Keith Handy filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator complains that the Honorable Danilo Lacayo,

presiding judge of the 182nd District Court of Harris County, denied his motion for a nunc pro tunc order for pre-trial jail time credit.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding).

A nunc pro tunc order is appropriate to correct clerical errors in the judgment the trial court actually rendered, but not errors that were the result of judicial reasoning. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). The failure to award jail time credit in accordance with a mandatory statutory duty is a clerical error that may be corrected by a nunc pro tunc order. *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). If the trial court fails to issue a nunc pro tunc order to award mandatory jail time credit, relief may be sought by petition for writ of mandamus. *Id.* at 149.

It is a relator's burden to provide a sufficient record to establish that relator is entitled to relief. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). Relator has failed to do so. Relator has not attached any documents to his petition. Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of any order complained of, any other document showing the matter complained of, and every document that is material to relator's claim for relief that was filed in any underlying proceeding. Tex. R. App. P. 52.3(k)(1)(A), 52.7(a)(1). Relator has not provided the proof necessary to show that the trial court violated a ministerial duty by denying his motion for a nunc pro tunc order.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).