# NO. 12-22-00049-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PAUL ANTHONY BARKSDALE, JR.,* *APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Paul Anthony Barksdale, Jr. appeals his convictions for possession of a controlled substance for penalty group one in an amount equal to or greater than four grams but less than two-hundred grams and possession of a prohibited substance or item in a correctional facility. We dismiss the appeal as moot.

## BACKGROUND

Appellant was indicted for possession of a controlled substance for penalty group one in an amount equal to or greater than four grams but less than two-hundred grams and possession of a prohibited substance or item in a correctional facility.[1] Appellant pleaded "not guilty" to the charges, the matter proceeded to a jury trial, and the jury found Appellant guilty on both counts. Appellant elected that the trial court assess his punishment. After a hearing, the trial court sentenced Appellant to ten years of imprisonment for count one, and five years of imprisonment for count two. The trial court's judgment incorrectly reflects that the jury assessed punishment when it was the court that assessed his punishment. Appellant filed a motion for new trial, which

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West Supp. 2022); TEX. PENAL CODE ANN. § 38.11 (West Supp.2022).

the trial court subsequently denied.  This appeal followed in which Appellant seeks to modify the judgment to correctly reflect that the trial court assessed his punishment.

The State subsequently filed a motion in the trial court for a judgment *nunc pro tunc* correcting the error.  The trial court granted the motion and issued a judgment *nunc pro tunc*, and the appellate record was supplemented to include the judgment.

## JUDGMENT ERROR

After the trial court's plenary jurisdiction expires, it does not retain general jurisdiction over a case.  *See **Williams v. State***, 603 S.W.3d 439, 443 (Tex. Crim. App. 2020).  However, the trial court retains limited jurisdiction to issue a judgment *nunc pro tunc* correcting a clerical error in its judgment.  *See **In re Hancock***, 212 S.W.3d 922, 927 (Tex. App.—Fort Worth 2007, no pet.) (orig. proceeding).

A trial court may enter a *nunc pro tunc* judgment to correct a clerical error when the original judgment does not reflect the judgment the court actually rendered.  ***Blanton v. State***, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012).  A *nunc pro tunc* judgment is not the appropriate means to correct judicial error or to change the record to reflect what the court believes should have been done.  ***Id.*** at 898; ***Collins v. State***, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007).  This means that a trial court can correct only errors that were not the result of judicial reasoning.  ***Collins***, 240 S.W.3d at 928.

In the case at bar, the judgment indicates under the heading "Punishment Assessed by" that the "JURY" assessed Appellant's punishment.  The record clearly reflects that the trial court, and not the jury, assessed Appellant's punishment.  This error is clerical in nature because it does not change the substance of the judgment or require judicial reasoning to correct.

The State concedes that Appellant is entitled to a judgment that corresponds to accurately reflect the proceedings below.  But the State argues that Appellant's complaint has become moot because the trial court signed a judgment *nunc pro tunc* correcting this clerical error.  *See **Blanton***, 369 S.W.3d at 897–98.  A supplemental clerk's record shows that the trial court signed a judgment *nunc pro tunc* correcting the error about which Appellant complains and effecting the relief that Appellant seeks on appeal.

An appeal becomes moot when an appellate court's judgment can no longer have an effect on an existing controversy or cannot affect the parties' rights.  ***Jack v. State***, 149 S.W.3d

119, 123 n.10 (Tex. Crim. App. 2004); ***Hung Dasian Truong v. State***, 580 S.W.3d 203, 207 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Appellate courts normally cannot act on moot cases. ***Pharris v. State***, 165 S.W.3d 681, 687–88 (Tex. Crim. App. 2005); ***Hung Dasian Truong***, 580 S.W.3d at 207. The mootness doctrine limits courts to deciding cases with actual controversies between parties. ***Hung Dasian Truong***, 580 S.W.3d at 207; ***Ex parte Flores***, 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, pet. ref'd). "When there has ceased to be a controversy between the litigating parties which is due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal." ***Flores***, 130 S.W.3d at 105.

Because the trial court's judgment *nunc pro tunc* corrected the error about which Appellant's brief complains, we ***dismiss*** his appeal as ***moot***. *See* TEX. R. APP. P. 43.2(f); ***Hung Dasian Truong***, 580 S.W.3d at 211; *see also* ***Tannehill v. State***, No. 02-20-00100-CR, 2021 WL 2252791, at \*1–2 (Tex. App.—Fort Worth June 3, 2021, no pet.) (mem. op., not designated for publication) (applying same principles to similar facts and dismissing appeal as moot).


JAMES T. WORTHEN
Chief Justice

Opinion delivered January 25, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 25, 2023**

**NO. 12-22-00049-CR**

**PAUL ANTHONY BARKSDALE, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-20-34714)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that this appeal should be dismissed as moot.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be **dismissed as moot** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*