

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

## NO. PD-1059-24

---

### MICHAEL TUCKER, APPELLANT

### v.

### THE STATE OF TEXAS

---

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRD COURT OF APPEALS
### TRAVIS COUNTY

---

NEWELL, J., filed a concurring opinion.

There is nothing wrong with the judgment in this case. Article 42.01 of the

Texas Code of Criminal Procedure sets out the requisites for judgments in a

criminal case.[1] The judgment in this case complies with that statute. Specific to

---

[1] Tex. Code Crim. Proc. Ann. art. 42.01.

the ground for review, the judgment recites the offense for which Appellant was convicted, and that the victim of the offense was under six years old. The judgment even uses the felony judgment form promulgated by the Office of Court Administration (OCA).[2]

As near as I can tell, there is no legal requirement that the "Statute for Offense" box on the felony judgment form require more information than the trial court entered. Neither is there any legal requirement that the "Offense for Which Defendant Convicted" box on the felony judgment specify the age of the victim of the offense. While it may be good practice to include this information in those particular boxes, I remain skeptical that the trial court was required to do so.

I acknowledge that OCA has promulgated "published guidance" entitled "*TIPS FOR AVOIDING MOST COMMON MISTAKES*". This guidance is certainly not controlling. So I do not see how there was any "error" legal or clerical in the way the trial court filled out the judgment form. The absence of this information does not render the conviction void or alter the applicable punishment

---

[2] Tex. Code Crim. Proc. Ann., art. 42.01, sec. 4 ("The Office of Court Administration of the Texas Judicial System shall promulgate a standardized felony judgment form that conforms to the requirements of Section 1 of this article. A court entering a felony judgment shall use the form promulgated under this section.").

range or even affect parole eligibility. "It doesn't look right" isn't a legal basis for a new judgment. And if it is, what's next? Fonts?

This is why I think there is only a "legal" rather than a "clerical" issue; a court would first have to decide whether there is a legal requirement that the information be placed in the particular box before it could be said to be clerical. A judgment *nunc pro tunc* is an appropriate avenue to make a correction when the trial court's records do not mirror the judgment that was rendered.[3] But the judgment rendered in this case *does* mirror the judgment pronounced. There is no credible argument that the notations the State requests are necessary to make the judgment in this case match the judgment that was pronounced.[4] Everyone assumes that these additional notations are legally required but they simply are not.

That's why I believe we should leave policing style issues regarding judgments to the trial courts. As a legal error, this falls into the category of "unassigned error." As we have explained previously, reviewing courts cannot consider "unassigned error" that is not preserved in the trial court.[5] Arguably we

---

[3] *See, e.g., Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007).

[4] *Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012) ("The purpose of a *nunc pro tunc* judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record.").

[5] *See Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006) (reaffirming that appellate courts are free to review "unassigned error" - a claim that was preserved in the trial below but was not

should hold that the State failed to preserve error regarding the notations in the judgment. However, Appellant's concession that the judgment needs to be fixed waives any possible complaint about this Court's correction of the judgment despite a lack of preservation. Given that concession, I join the Court's correction of the judgment in this case.

At some point a court will have to decide the legal issue of whether these notations are legally required. As mentioned above, I believe we should let that happen in the trial courts. Otherwise, we are signing this Court and the courts of appeals up to answer OCA's judgment tipline.

With these thoughts, I concur.

Filed: February 12, 2026

Do Not Publish

---

raised on appeal); *see also Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009) (noting that a court of appeals should review preservation of error on its own motion, but if it does not do so expressly, the court of criminal appeals can and should do so when confronted with a preservation issue).