

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00029-CR

_____

THE STATE OF TEXAS, Appellant

V.

LARRY BURNEL WILSON, Appellee

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 20187

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

The State of Texas asserts on appeal that the time credit given to Larry Burnel Wilson for time Wilson spent in a Substance Abuse Felony Punishment (SAFP) Facility made his sentence illegal. Finding that time credits are not part of the sentence, but merely a credit to the sentence, we conclude we have no jurisdiction to address the State's attempted appeal regarding the time credits to Wilson's sentence.

Wilson was adjudicated[1] guilty of aggravated assault causing serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2011). The trial court assessed a five-year prison sentence as punishment but, in its judgment, credited Wilson's sentence with the time he spent in a SAFP Facility. The State argues that the sentence is illegal because the trial court erred in applying the SAFP time credit, as Texas law allegedly did not permit such a credit at the time Wilson was placed on community supervision. Wilson contends the State is not attacking the sentence assessed, but rather, is seeking to attack the award of time credits to the sentence. We agree.

The State may "appeal a sentence in a case on the ground that the sentence is illegal." TEX. CODE CRIM. PROC. ANN. art. 44.01(b) (West Supp. 2010). Appellate jurisdiction under the statute "does not hinge on the legality of a sentence." *State v. Ross*, 953 S.W.2d 748, 749 (Tex.

---

[1] In 2002, Wilson had pled guilty to the offense and was placed on ten years' deferred adjudication community supervision. In 2009, the conditions of Wilson's community supervision were modified to require completion of a program of treatment in a SAFP Facility, to be followed thereafter by a continuum of care program. Wilson failed to complete the continuum of care program on release from the SAFP Facility in 2010. Wilson pled true to failing to complete the continuum of care program, but pled not true to failing to complete his time in the SAFP Facility.

Crim. App. 1997). Rather, "jurisdiction turns on whether the State appeals a *sentence*." *Id.* at 749–50; *see also State v. Baize*, 981 S.W.2d 204, 206 (Tex. Crim App. 1998). To invoke jurisdiction under Article 44.01(b), the State must appeal the sentence, not something that merely affects the sentence. *Ross*, 953 S.W.2d at 750.

We, therefore, address the threshold jurisdictional question of whether the State is appealing Wilson's five-year sentence for aggravated assault causing serious bodily injury and whether time credit is actually part of the sentence. A sentence is only a part of the judgment. It is "that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law." TEX. CODE CRIM. PROC. ANN. art. 42.02 (West 2006). As explained in *Ross*, a sentence is "nothing more than the portion of the judgment setting out the terms of the punishment." *Ross*, 953 S.W.2d at 750. The Texas Court of Criminal Appeals more recently clarified its holding in *Ross*, stating that a sentence "consists of the facts of the punishment itself, including the date of commencement of the sentence, its duration, and the concurrent or cumulative nature of the term of confinement and the amount of fine, if any." *State v. Kersh*, 127 S.W.3d 775, 777 (Tex. Crim. App. 2004) (duration of punishment for habitual and repeat offenders is part of sentence).

Here, the State does not contend Wilson's five-year sentence is illegal; that is, it does not contend that this period of confinement falls outside the maximum or minimum range of punishment. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (sentence outside

3

either maximum or minimum range of punishment is illegal).   Rather, the State contends Wilson should not have been credited with time spent in the SAFP Facility.[2]

For this Court to have jurisdiction pursuant to Article 44.01(b), the time credit awarded in the judgment against Wilson must be a part of the sentence.   While we find no cases directly on point, we are guided by *Ross*, which recognized the narrow definition of sentence as encompassing only a part of the judgment.

Before the 1981 amendment of Article 42.02 of the Texas Code of Criminal Procedure, the term "sentence" was more broadly defined as "the order of the court . . . pronouncing the judgment and ordering the same to execute."   *Ross*, 953 S.W.2d at 750 (citing *Thornton v. State*, 576 S.W.2d 407, 408 (Tex. Crim. App. 1979)); *see* TEX. CODE CRIM. PROC. ANN. art. 42.02 (as enacted by Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722, § 1, eff. Jan. 1, 1966).   Now, however, the sentence includes only the terms of punishment.[3]   *Ross*, 953 S.W.2d at 750.[4]   On the other hand, credit for time served in a SAFP Facility affects the sentence, but

---

[2]Since we conclude that we have no jurisdiction to address any substantive issue in this attempted appeal, we do not address the State's claim that the trial court had no discretion or authority to grant Wilson credit for his SAFP Facility time and, thus, violated a statutory duty not to grant credit for that time.   *See Ross*, 953 S.W.2d at 751–52 (suggesting mandamus remedy may be available).

[3]Such terms include the date the sentence is to commence, its duration, and the "concurrent or cumulative nature of the term of confinement and the amount of the fine, if any."   *Kersh*, 127 S.W.3d at 777.

[4]The 1981 amendment to Article 42.02 of the Texas Code of Criminal Procedure narrowed the definition of sentence to include "that part of the judgment . . . order[ing] that the punishment be carried into execution in the manner prescribed by law."   *Ross*, 953 S.W.2d at 750 (citing TEX. CODE CRIM. PROC. ANN. art. 42.02 (as amended by Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 112, Tex. Gen. Laws 761, 809, eff. Sept. 1, 1981)).

almost everything in the judgment affects the "sentence," including the jury verdict, the offense for which defendant is convicted and affirmative findings. For example, if the defendant is found not guilty, he cannot be punished at all. Likewise, the fact that he is convicted of shoplifting, as opposed to capital murder, also necessarily affects his sentence. Like the jury verdict and the offense for which a defendant is convicted, a deadly weapon finding also impacts the sentence. Yet, to consider any of these findings as part of the "sentence" disregards the fact that the legislature has narrowed, not broadened, the definition of "sentence."

*Id.* at 750–51.[5] A deadly weapon finding, although it affects a defendant's sentence, is not part of the sentence. *Id.* at 752; *Marshall v. State*, 860 S.W.2d 142 (Tex. App.—Dallas 1993, no pet.) (trial court not required to orally pronounce deadly weapon finding; such finding not part of sentence). Similarly, a time credit affects a defendant's sentence. It does not logically follow, however, that a time credit is part of the sentence.[6] Even though the judgment must address any credit for time served,[7] such credit does not reflect the actual terms or facts of punishment as we understand the sense of the Texas Court of Criminal Appeals in *Ross*.

---

[5]In *Ross*, for example, the sentence "would include the *facts* that appellant is to serve sixteen years in the penitentiary beginning July 28, 1995, that his term is concurrent and that he must pay a $500 fine." *Ross*, 953 S.W.2d at 750.

[6]The case before us, while apparently similar to *Collins v. State*, 240 S.W.3d 925 (Tex. Crim. App. 2007), in which the jurisdiction of the court of appeals to hear a State's appeal was addressed, is distinguishable from *Collins*. *Collins* involved a defendant who entered into a plea bargain by which he would plead guilty and receive time credit in the amount of thirty-four days for pretrial jail time. After judgment was entered, the defendant filed a motion for judgment nunc pro tunc, seeking additional time credits to his sentence. The trial court entered a judgment nunc pro tunc giving additional credit for pretrial jail time. The Texas Court of Criminal Appeals held that the court of appeals had jurisdiction to hear the State's appeal pursuant to Article 44.01(a)(2), because the order of the trial court modified the judgment. *Id.* at 927. Article 44.01(a)(2) permits an appeal by the State in a criminal case if the order arrests or modifies a judgment. TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(2) (West Supp. 2010). *Collins* stands for the proposition that the State may appeal when a trial court modifies a judgment, not for the proposition that the State may appeal when time credits have been given. Here, the State attempts to appeal a sentence on the basis that it is illegal, under the authority of Article 44.01(b), a different statutory authorization for appeal.

[7]*See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(18) (West Supp. 2010). Credit for time served is an element of the judgment. *Collins*, 240 S.W.3d at 928.

5

As a practical matter, credit for time served is often included as a part of the oral pronouncement of sentence in the defendant's presence. *See, e.g.*, *Fragel v. State*, Nos. 03-10-00285-CR, 03-10-00286-CR, 2011 WL 1237626 (Tex. App.—Austin Mar. 31, 2011, no pet.) (mem. op., not designated for publication); *Franqui v. State*, No. 03-08-00028-CR, 2009 WL 280981 (Tex. App.—Austin, Feb. 6, 2009, no pet.) (mem. op., not designated for publication); *Ferrow v. State*, No. 03-08-00326-CR, 2008 WL 5423210, at * 1 (Tex. App.—Austin Dec. 31, 2008, no pet.) (mem. op., not designated for publication) (written judgment modified to conform to sentence orally pronounced).[8] These cases do not, however, address the issue of whether time credit is part of a defendant's sentence for purposes of invoking appellate court jurisdiction pursuant to Article 44.01(b) of the Texas Code of Criminal Procedure.

In this regard, the language of Article 42.03, Section 2 (pronouncing sentence; time; credit for time spent in jail between arrest and sentence or pending appeal) is instructive. It provides, "[I]n all cases the judge of the court in which the defendant is convicted shall give the defendant *credit on the defendant's sentence* for the time spent . . . in jail . . . ." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1) (West Supp. 2010) (emphasis added). This language differentiates the sentence itself from credit given on the sentence. If the time credit were part of the sentence, the above-quoted language would be at least misleading.

---

[8] Although these unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

The time credit accorded Wilson merely affects the sentence, but does not set forth the terms or facts of punishment as we understand the meaning of the statutory scheme and the *Ross* opinion. Accordingly, the State is not appealing the sentence on the grounds that it was illegal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(b). Rather, this appeal involves the propriety of granting credit for time served in a SAFP Facility. This Court is therefore without jurisdiction to hear the State's appeal.

We dismiss this appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice

Date Submitted:      July 28, 2011
Date Decided:        August 24, 2011

Publish

7