

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-19-00028-CR
07-19-00029-CR
07-19-00030-CR

GILBERT MENDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 399th District Court
Bexar County, Texas
Trial Court Nos. 2016-CR-4055, 2016-CR-6068, and 2016-CR-6069,
Honorable Laura Parker, Presiding

December 17, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

This appeal involves the clarity of the trial court's sentences and whether it actually pronounced sentence in each cause for which Gilbert Mendez was tried and convicted. We affirm.[1]

---

[1] Because this appeal was transferred from the Fourth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

The State charged Mendez with committing aggravated assault, among other things, upon three different people through three separate indictments. The cause numbers assigned to the indictments were 2016-CR-4055, 2016-CR-6068, and 2016-CR-6069, respectively. Furthermore, the criminal prosecutions initiated by them were tried together, and as a result of that unitary trial, appellant was thrice found guilty of aggravated assault. What followed was a unitary trial on punishment culminating in the trial court orally pronouncing the following:

> The – having considered the evidence from the trial, evidence presented today and the arguments of Counsel, it is the judgment of this Court – and I'm also going to find the habitual counts true, make an affirmative finding of a deadly weapon, and restitution to Marie Cardenas in Cause Number 2016-CR-4055, is it $98,303.44, make restitution to be determined in the other two cases for those complainants. But it is the judgment of this Court that the Defendant be sentenced to 50 years in the Texas Department of Criminal Justice Institutional Division, receiving credit for any time he is owed. These cases are to run concurrent.

Written judgments then ensued.

Under the title "Offense for which Defendant Convicted" in each judgment appeared the phrase "AGG ASSLT W/DEADLY WPN (HABITUAL)." Under the title "Punishment and Place of Confinement" in each appeared the language "50 YRS TDCJ-ID AND A FINE OF $ 0.00 IMPRISONMENT (INSTITUTION DIVISION)." Following that, there appeared in each the statement: "THIS SENTENCE SHALL RUN CONCURRENT WITH . . ." and the other cause numbers were specified. Yet, only the judgment entered in cause number 2016-CR-4055 designated a particular amount of restitution. The others merely said "0.00." Appellant questions whether the sentences expressed in each written judgment were actually assessed in the oral pronouncement quoted above. He alleges that the court "pronounced a general sentence along with specifics for restitution in 2016-

2

CR-4055 but did not clearly and unambiguously state sentences, findings of enhancements, or deadly weapon findings in each case as is required." Thus, each appeal must be dismissed for the want of a final judgment and the respective "case should be remanded to the trial court for further proceedings," in his view. We disagree.

No one denies that a trial court is obligated to orally pronounce sentence in the defendant's presence. *See* TEX. CODE. CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2019). Nor do they deny that when a written judgment conflicts with the sentence orally pronounced, the latter controls. *See Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014). What is in play is whether the trial court actually pronounced sentences in each prosecution.

We begin our analysis of the question by recognizing that an oral pronouncement of sentence likens to an order from the court but rendered orally. Indeed, in both instances, the court is announcing its decision on a matter and the terms of that decision. Consequently, we see little reason not to utilize here the general rules of construction applicable when interpreting court orders. Those rules happen to be the very ones used in construing written instruments. *See Lone State Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex. 1971) (orig. proceeding); *In re Estate of Hoskins*, 501 S.W.3d 295, 301–02 (Tex. App.—Corpus Christi 2016, no pet.).

Per the rules of construction, we attempt to discover the intent of the writer, or the speaker in this case. *In re Estate of Rodriguez*, No. 04-17-00005-CV, 2018 Tex. App. LEXIS 254, at *7 (Tex. App.—San Antonio Jan. 10, 2018, no pet.) (mem. op.). That is done by considering the entirety of what was said, assigning the words said their plain meanings, and giving effect to each word said. *See Baty v. ProTech Ins. Agency*, 63

3

S.W.3d 841, 848 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (op. on reh'g). Having these in mind we turn to the trial court's pronouncement.

It was made during the end of three criminal proceedings tried together. That the trial court intended to address each of the three is illustrated by its repeated use of the plural. For instance, it declared that 1) it was "going to find the habitual **counts** true" and 2) the "**cases** are to run concurrent." (Emphasis added). Moreover, declaring that the "cases" were "to run concurrent" also evinces an intent to have rendered multiple sentences, otherwise there would be nothing to run concurrently with something else.

It is true that the trial court used the word "cases" when describing what was "to run concurrent." But, in the realm of criminal punishment, "cases" do not run concurrently, sentences do. So, it is reasonable to construe the court's use of the word "cases" as an intent to mean "sentences." And, to that we add what is encompassed within a sentence. It is composed of the terms of punishment. *State v. Wilson*, 349 S.W.3d 618, 619 (Tex. App.—Texarkana 2011, no pet.). Here, we have terms of punishment; they consist of "50 years in the Texas Department of Criminal Justice Institutional Division" and restitution of $98,303.44 in Cause No. 2016-CR-4055 and "restitution to be determined in the other two cases for those complainants." And, because the trial court ordered the "cases" or sentences "to run concurrent," it logically follows that the foregoing terms of punishment were intended to apply to each prosecution.

So, in heeding the rule of construction requiring us to search for a reasonable and harmonious interpretation of what was said, *Sani v. Powell,* 153 S.W.3d 736, 744–45 (Tex. App.—Dallas 2005, pet. denied), we conclude that the words of the trial court reveal both the intent to pronounce and the actual pronouncement of a sentence in each

proceeding that was tried. That is, the trial court intended to and actually ordered that appellant 1) be found a habitual criminal in each case, 2) be found to have utilized a deadly weapon in each case, and 3) be assessed a 50-year prison term and restitution in each case. No doubt, the trial court's intent could have been better expressed; yet it was revealed, nonetheless, by the words uttered. And, the words uttered constituted oral pronouncements of sentence in each of Cause Nos. 2016-CR-4055, 2016-CR-6068, and 2016-CR-6069.

We affirm the trial court's judgments.

Brian Quinn
Chief Justice

Do not publish.