

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00048-CR

CARMINE CAGGIANO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28652

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Carmine Caggiano pled guilty to possession of less than one gram of cocaine, a state jail felony, and was placed on deferred adjudication community supervision for three years.[1] After the trial court found that Caggiano had violated the terms and conditions of his community supervision, it adjudicated Caggiano's guilt and sentenced him to twenty-four months of confinement in state jail. The trial court's judgment afforded Caggiano forty-one days of jail-time credit, but in his sole point of error on appeal, Caggiano argues that he should have received an additional fifty-one days of jail-time credit. Because Caggiano's sole point of error is unsupported by the appellate record, we affirm the trial court's judgment.

The State filed its first motion to adjudicate Caggiano's guilt on November 18, 2021, and capias calling for his arrest was issued on the same day. The State also filed an amended motion to adjudicate guilt on February 17, 2022. During his adjudication hearing on the State's amended motion, Caggiano first testified that he had been arrested on November 22 but later said he was arrested sometime in January 2022.[2] Citing to his own statements, Caggiano argues that his "uncontested testimony was that he was arrested on November 22 [and] . . . spent 51 days in jail" before the State filed an amended motion to adjudicate. The record contradicts this claim.

Although capias issued after the State had filed its first motion to adjudicate Caggiano's guilt on November 18, 2021, the sheriff's return showed that it was not executed until

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.).

[2]At the March 22, 2022, hearing, Caggiano said, "When did I get arrested? Fifty days ago." Caggiano also claimed that he did not complete community service hours in September 2021 because he was in jail, but the State's first revocation motion was not filed until November and there is no evidence that he was jailed in September. At best, it appears that Caggiano was confused about the date of his arrest.

February 11, 2022. For this reason, the trial court took judicial notice at the adjudication hearing that Caggiano was not arrested until February 2022. Also, the clerk's record contains a "Request for Jailtime," executed by the Lamar County Sheriff's Department, showing that Caggiano was incarcerated on March 21 and 22, 2019, and again from February 11, 2022, to March 21, 2022, for a total of forty-one days.

"Whenever a defendant can show indisputably that he has been denied jail-time credit," he is entitled to relief. *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (per curiam) (orig. proceeding); *see* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1) (Supp.). In light of the appellate record before us, we cannot conclude that Caggiano indisputably showed that he was entitled to more than the forty-one days of jail-time credit already afforded by the trial court's judgment.[3] As a result, we overrule his sole point of error.

We affirm the trial court's judgment.


Charles van Cleef
Justice


Date Submitted: July 27, 2022
Date Decided: August 9, 2022

Do Not Publish

---

[3]Caggiano argues that his sentence was void because the failure to award the additional fifty-one days in jail-time credit resulted in him serving more than twenty-four months' confinement for the state jail felony. We have previously found that, while "a time credit affects a defendant's sentence," "[i]t does not logically follow . . . that a time credit is part of the sentence." *State v. Wilson*, 349 S.W.3d 618, 620 (Tex. App.—Texarkana 2011, no pet.). As a result, the legality of a sentence that is within the proper punishment range is not impacted by a complaint about a time credit. *See id.* Moreover, because nothing shows that Caggiano is entitled to the additional time credit, we find meritless his allegation that the sentence was void.

3