**Dismissed and Majority and Concurring Opinions filed August 23, 2022.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-20-00801-CR

---

**THE STATE OF TEXAS, Appellant**

**V.**

**MANUEL R. GARCIA, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 2283882**

---

## MAJORITY OPINION

Appellee Manuel R. Garcia was charged with the offense of assault causing bodily injury for punching an assistant coach for the Houston Rockets in the face while attending a game in October 2019. Tex. Penal Code Ann. § 22.01(a). Appellee later pleaded guilty to the offense, and the trial court assessed punishment at confinement in county jail for 365 days. Tex. Penal Code Ann. § 12.21. The judgment of conviction awards 365 days of credit for time served to appellee. The State of Texas filed a motion for judgment nunc pro tunc—in which it noted the

judgment incorrectly states the terms of the plea bargain[1] and erroneously awards the appellee 365 days of jail credit—and asked the trial court to correct the judgment. The trial court did not rule on the motion and the State appealed arguing that the credit for time served given to appellee resulted in an illegal sentence. *See* Tex. Code Crim. Proc. Ann. art. 44.01(b) (State entitled to appeal illegal sentence). Holding that a credit for time served is not part of the sentence, but merely a fact affecting the sentence, we conclude we have no jurisdiction to address the State's attempted appeal regarding the credit for time awarded to appellee.

## I.  ANALYSIS

The State argues that the trial court had no legal authority to award credit for time served that appellee did not actually serve or earn. *See Ex parte Hayward*, 711 S.W.2d 652, 656 (Tex. Crim. App. 1986). It further argues that because the trial court had no legal authority to credit appellee for unearned credit for time served, the sentence was illegal: "the judgment's erroneous notation of '365 days' credit constitutes an illegal sentence, one that this court must correct as the lower court itself refused to do so." In response, appellee asserts this court does not have jurisdiction because the State is not appealing the sentence itself, but a factor that merely affects the sentence.

The State may "appeal a sentence in a case on the ground that the sentence is illegal." Tex. Code Crim. Proc. Ann. art. 44.01(b). Appellate jurisdiction under the statute "does not hinge on the legality of a sentence." *State v. Ross*, 953 S.W.2d 748, 749 (Tex. Crim. App. 1997). Rather, "jurisdiction turns on whether the State appeals a *sentence*." *Id.* at 749–50. To invoke jurisdiction under article 44.01(b),

---

[1] The judgment of conviction states that the terms of the plea bargain were "365 DAYS HCJ 365 DAYS CREDIT." The State contends that the judgment incorrectly reflects the terms of the plea bargain, which were "365 days HCJ." The plea bargain does not address any credit for time served and there is no reporter's record of any proceedings.

the State must appeal the sentence, not something that merely affects the sentence. *Ross*, 953 S.W.2d at 750. Therefore, we must address the threshold jurisdictional question of whether the credit for time served is part of appellee's 365-day sentence.

A sentence is "that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law." Tex. Code Crim. Proc. Ann. art. 42.02.[2] As explained in *Ross*, a sentence is "nothing more than the portion of the judgment setting out the terms of the punishment." *Ross*, 953 S.W.2d at 750. The court of criminal appeals later clarified that a sentence "consists of the facts of the punishment itself, including the date of commencement of the sentence, its duration, and the concurrent or cumulative nature of the term of confinement and the amount of fine, if any." *State v. Kersh*, 127 S.W.3d 775, 777 (Tex. Crim. App. 2004) (duration of punishment for habitual offenders is part of sentence).

As a general proposition we agree with the State that the law does not authorize a court to give credit for non-custody time. *Hayward*, 711 S.W.2d at 656. However, before we can consider whether the trial court's actions were legally authorized in this case, we must have jurisdiction. For this court to have jurisdiction pursuant to article 44.01(b), the credit for time served awarded in the judgment must be a part of the sentence. *See* Tex. Code Crim. Proc. Ann. art. 44.01(b).

---

[2] Before the 1981 amendment of Code of Criminal Procedure article 42.02, the term "sentence" was more broadly defined as "the order of the court . . . pronouncing the judgment and ordering the same to execute." Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, art. 42.02, [2], 1965 Tex. Gen. Laws 317, 484, *amended by* Act of May 31, 1981, 67th Leg., R.S., ch. 291, § 112, 1981 Tex. Gen. Laws 761, 809; *see Ross*, 953 S.W.2d at 750. Now, the sentence includes only the terms of punishment. Tex. Code Crim. Proc. Ann. art. 42.02; *see Ross*, 953 S.W.2d at 750.

Though this court has not previously addressed the issue, the Texarkana Court of Appeals addressed a very similar situation in which it concluded that the State's attempted appeal of credit to the defendant for time served in a substance-abuse felony-punishment facility was not an appeal of the sentence itself. *State v. Wilson*, 349 S.W.3d 618, 618–21 (Tex. App.—Texarkana 2011, no pet.). Rather, the *Wilson* court concluded the State was appealing the time credit, and held it was without jurisdiction to hear the appeal. *Id.* at 621. We agree with our sister court.

The State argues that it is appealing an illegal sentence because the trial court lacked authority to award an unearned credit. However, we look behind the State's facial allegation to determine whether it is in fact "appealing a sentence and not something else." *State v. Baize*, 981 S.W.2d 204, 206 (Tex. Crim. App. 1998). Here, the State does not contend appellee's 365-day sentence is illegal; that is, it does not contend that this period of confinement falls outside the maximum or minimum range of punishment. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (sentence outside either maximum or minimum range of punishment is illegal). Rather, the State contends only that the credit for time served is erroneous as appellee served significantly less than the time awarded by the trial court.[3]

The State's argument attempts to equate a factor that affects the sentence with the sentence itself. As discussed by the court of criminal appeals in *Ross*, almost every part of the judgment can affect the sentence:

> [A]lmost everything in the judgment affects the "sentence," including the jury verdict, the offense for which defendant is convicted and

---

[3] The State offers different amounts for the appropriate amount of credit for time served earned by appellee in its motion for judgment nunc for tunc (two days) and notice of appeal ("Appellee could, at most, only have served 61 days of sentence prior to his conviction").

affirmative findings. For example, if the defendant is found not guilty, he cannot be punished at all. Likewise, the fact that he is convicted of shoplifting, as opposed to capital murder, also necessarily affects his sentence. Like the jury verdict and the offense for which a defendant is convicted, a deadly weapon finding also impacts the sentence. Yet, to consider any of these findings as part of the "sentence" disregards the fact that the legislature has narrowed, not broadened, the definition of "sentence."

*Ross*, 953 S.W.2d at 750–51. Although a credit for time served affects a defendant's sentence, "[i]t does not logically follow, however, that a credit for time served is part of the sentence." *Wilson*, 349 S.W.3d at 620. The judgment must address any credit for time served; however, such credit does not reflect the actual terms or facts of punishment. *See* Tex. Code Crim. Proc. Ann. art. 42.01, § 1(18) (judgment shall reflect any credit for time served). Given the narrow statutory definition of a sentence, the fact that a credit for time served must be included in the judgment does not make it a part of the sentence.[4]

The language of article 42.03, section 2 is instructive here. It provides, "[i]n all criminal cases the judge of the court in which the defendant is convicted shall give the defendant *credit on the defendant's sentence* for the time spent . . . in

---

[4] Though the State does not reference or rely on *Collins v. State*, 240 S.W.3d 925 (Tex. Crim. App. 2007), it still merits explanation why *Collins* is distinguishable and not controlling over the facts in the instant case. *Collins* involved a defendant who entered into a plea bargain by which he would plead guilty and receive credit in the amount of thirty-four days for presentence jail time. *Id.* at 926. After judgment was entered, the defendant filed a motion for judgment nunc pro tunc, seeking additional time credits to his sentence. *Id.* The trial court entered a judgment nunc pro tunc giving additional credit for presentence jail time. *Id.* The court of criminal appeals held that the court of appeals had jurisdiction to hear the State's appeal pursuant to Code of Criminal Procedure article 44.01(a)(2) because the order of the trial court modified the judgment. *Id.* at 927. Article 44.01(a)(2) permits an appeal by the State in a criminal case if the order arrests or modifies a judgment. Tex. Code Crim. Proc. Ann. art. 44.01(a)(2). *Collins* stands for the proposition that the State may appeal when a trial court modifies a judgment, not for the proposition that the State may appeal when time credits have been given. *Id.* at 929. Here, the State attempts to appeal a sentence on the basis that it is illegal, under the authority of Code of Criminal Procedure article 44.01(b), a different statutory authorization for appeal.

jail[.]" Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a)(1) (emphasis added). This language differentiates the sentence itself from a credit for time served given on the sentence. If a credit for time served were part of the sentence, the above-quoted language would be unnecessary. The time credit awarded to appellee merely affected his sentence, but did not set forth the terms or facts of punishment pursuant to the Code of Criminal Procedure. *See Ross*, 953 S.W.2d at 750. Accordingly, the State is not appealing the sentence on the grounds that it was illegal. *See* Tex. Code Crim. Proc. Ann. art. 44.01(b). It is not actually appealing the sentence at all. Rather, the State is challenging the trial court's award of credit for time served that the State alleges appellee did not serve or earn. This Court is therefore without jurisdiction to hear the State's appeal.

Our conclusion that we have no jurisdiction over the State's complaint raises two important questions: (1) whether there is still a remedy for the State's complaint and (2) how such a complaint could be successfully addressed. A judgment nunc pro tunc can be rendered even after the expiration of a trial court's plenary power. *See Williams v. State*, 603 S.W.3d 439, 442–43 (Tex. Crim. App. 2020) (nunc pro tunc orders or judgments are generally reserved for actions taken outside trial court's plenary power "requiring a trial court to rely on its inherent authority to make the record reflect what previously and actually occurred during its plenary power"); *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994) (explaining that trial court has authority under appellate rules to issue judgment nunc pro tunc after its plenary power has expired but only to correct clerical errors that are not product of judicial reasoning or determination). However, the court of criminal appeals has stated that a nunc pro tunc order cannot be used to "change a court's records to reflect what [the trial court] believes should have been done." *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) (citing *Ex parte Poe*,

751 S.W.2d 873, 876 (Tex. Crim. App. 1988) and *Ex parte Dopps*, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986)). "[B]efore a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was actually rendered or pronounced at an earlier time." *Collins*, 240 S.W.3d at 928 (citing *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984)). Here, the trial court's decision to award appellee with 365 days of jail credit was a matter of judicial reasoning. *Collins*, 240 S.W.3d at 928 ("It is clear . . . that there was no clerical error that this judgment nunc pro tunc was correcting. The judge exercised judicial reasoning when he chose to accept the recommendation of the State and allow the terms of the plea bargain to control, and he entered judgment in accordance with these terms."); *see also In re Hancock*, 212 S.W.3d 922, 927–28 (Tex. App.—Fort Worth 2007, no pet.) ("The fact that the trial court would not have entered the January 2005 order if it had known the true facts does not change the error from a judicial one to a clerical one."). Texas Rule of Appellate Procedure 23 allows a trial court to render judgment nunc pro tunc after the expiration of plenary power to correct *judicial errors* in very limited circumstances. *See* Tex. R. App. P. 23.1, 23.2. However, the specific circumstances identified in Rules 23.1 and 23.2 do not apply to the facts before us. *See id*. Accordingly, a judgment nunc pro tunc is not a proper remedy for the State.

Despite a misnomer of the action it sought from the trial court, the State filed a motion within thirty days of the sentencing so, although the motion did not extend the thirty-day period of plenary power, the trial court had the power to modify the judgment at the time of its filing. *See State v. Brent*, 634 S.W.3d 911, 913 (Tex. Crim. App. 2021) (trial court has thirty days of plenary power after sentencing in absence of any other source of jurisdiction)[5]; *Bates*, 889 S.W.2d at

---

[5] Though the rules specifically provide for an extension of plenary power to rule on a

309 (trial court can modify, correct or set aside judgment when it has plenary power); *see also Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998) (Meyers, J., concurring) ("[S]o long as the court does not by its ruling divest itself of jurisdiction or exceed a statutory time table, it can simply change its mind on a ruling. The ability to do so is a necessary function of an efficient judiciary."), *overruled on other grounds by Kirk v. State*, 454 S.W.3d 511 (Tex. Crim. App. 2015); *Williams*, 603 S.W.3d at 444 (trial court has jurisdiction to correct clerical and judicial errors in judgment while it possesses plenary power). By appealing, the State lost its ability to pursue modification of the alleged erroneous amount of jail-time credit awarded to appellee by the trial court because after the notice of appeal the trial court lost its jurisdiction over the case. *State v. Patrick*, 86 S.W.3d 592, 596 (Tex. Crim. App. 2002) ("Jurisdiction expires when a case becomes final or is taken to a higher court."); *Awadelkariem*, 974 S.W.2d at 729 (Meyers, J., concurring) ("For instance, if the trial court grants a defendant's motion for new trial and the State timely appeals that order within 15 days, Tex. Code Crim. Proc. Ann. art. 44.01(a)(3), the trial court has lost its jurisdiction over the cause and has no authority to change its ruling."); *see also* Tex. R. App. P. 25.2(g) (effect of appeal). Instead of appealing, the State could have filed a writ of mandamus to seek a ruling on what was effectively a motion to modify or correct the judgment while the trial court had plenary power over the case. *See Ex parte Ybarra*, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004) (when defendant did not receive presentence jail time credit, court of criminal appeals held that defendant was required to present his issue by motion to trial court and "[i]f the trial court fails to

---

motion for new trial, there is no rule or statute that extends plenary power on the filing of a motion nunc pro tunc or a motion to modify or correct a judgment. *See* Tex. R. App. P. 21.1 (defendant has thirty days to file motion for new trial); Tex. R. App. P. 21.8 (trial court must rule on motion for new trial within 75 days after imposing sentence); Tex. R. App. P. 22.3 (defendant may file motion in arrest of judgment not later than 30 days after trial court imposes sentence).

respond, [defendant] is first required to seek relief in the Court of Appeals, by way of a petition for writ of mandamus"). Here, the State chose to appeal the judgment instead of seeking a writ of mandamus to compel a ruling on its motion to modify or correct the judgment. Because the topic of the State's appeal is not permitted by the Code of Criminal Procedure, we cannot consider the substance of the State's appeal.

## II.    CONCLUSION

We dismiss this appeal for want of jurisdiction.

/s/    Charles A. Spain
Justice

Panel consists of Justices Wise, Spain, and Hassan (Wise, J., concurring without opinion and Spain, J., concurring with opinion).

Publish — Tex. R. App. P. 47.2(b)