

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00112-CR

_____

CLARENCE EDWARD TILLIS III, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1842298

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

A jury convicted Appellant Clarence Edward Tillis III on one count of aggravated sexual assault of a child and one count of indecency with a child by contact, and the trial court sentenced him to life in prison on the aggravated-sexual-assault count and twenty years' confinement on the indecency count. Tillis only appeals the trial court's judgment on the first count,[1] arguing in one issue that the judgment erroneously reflects his sentence as life without parole instead of life imprisonment. We agree with Tillis and will affirm that judgment as modified.

## I. Introduction

Tillis does not challenge the sufficiency of the evidence to support his convictions; he does not allege any erroneous rulings by the trial court; and his lone point of error does not lend itself to a harm analysis. We therefore need not discuss the facts of his offenses as proved by the evidence at trial. For purposes of this opinion, it matters only that Tillis was convicted of aggravated sexual assault of a child and that, in a special issue, the jury found beyond a reasonable doubt that the

---

[1]Tillis expressly states in his brief that he "was also convicted in Count IV of [i]ndecency with a [c]hild and sentenced to twenty years to run concurrently with the sentence in Count I. That judgment and sentence are not challenged on direct appeal."

complainant was younger than six years of age at the time of the offense. *See* Tex. Penal Code § 22.021(a)(2)(B), (f)(1).[2]

## II. Analysis

Before addressing the merits of Tillis's appellate issue, we must first address the State's contention that "Tillis failed to preserve the argument he raises on appeal." Error preservation is a systemic requirement, and we have a duty to ensure that a claim is properly preserved in the trial court before we address its merits. *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020).

The State points out that Tillis did not attack the sufficiency of the indictment by moving to quash it prior to trial, nor did he object to the imposition of a life

---

[2]The version of Texas Penal Code Section 22.021(f)(1) in effect at the time of Tillis's offense increased the minimum term of imprisonment for aggravated sexual assault of a child to twenty-five years "if . . . the victim of the offense [wa]s younger than six years of age at the time the offense [wa]s committed." Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 1.18, sec. 22.021(f)(1), 2007 Tex. Sess. Law Serv. 1120, 1128 (current version at Tex. Penal Code § 22.021(f)(1)). In 2025, after Tillis's trial, the legislature amended Section 22.021(f)(1) and changed the age from under six years old to under ten years old. Act of May 27, 2025, 89th Leg., R.S., ch. 557, § 21, sec. 22.021(f)(1), 2025 Tex. Sess. Law Serv. 1313, 1323 (codified at Tex. Penal Code § 22.021(f)(1)). The legislature also amended Texas Government Code Section 508.145(a) but did not alter that statute's provision barring an inmate's eligibility for parole "if the inmate is . . . serving a sentence for [an offense under Penal Code] Section 22.021, if the offense is punishable under Subsection (f) of that section." Act of May 26, 2025, 89th Leg., R.S., ch. 587, H.B. 2306, § 1 (current version at Tex. Gov't Code § 508.145(a)(4)). Accordingly, under the statutes in effect when Tillis committed the offense, if the victim was under six years old, then the minimum term of imprisonment was twenty-five years and the inmate was not eligible for parole. The parties' briefing indicates a shared understanding of which versions of the statutes apply in this case. Because of that and for readability's sake, we will cite the code provisions and not the session laws when referring to the applicable statutes.

sentence without the possibility of parole or complain about the same in the motion for new trial that he filed after being sentenced. Generally, an appellant may not complain about his sentence, other than an illegal-sentence claim, for the first time on appeal.[3] *Burg v. State*, 592 S.W.3d 444, 449 (Tex. Crim. App. 2020); *Bonilla v. State*, 452 S.W.3d 811, 817–18 (Tex. Crim. App. 2014); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). But, as we explain below, we interpret Tillis's issue as a complaint about a clerical error in the trial court's judgment, which we may correct even if Tillis did not raise his complaint in the trial court.

The jury found Tillis guilty of the felony offense of aggravated sexual assault of a child as charged in the indictment. The offense is classified as a first-degree felony. Tex. Penal Code § 22.021(e). The range of punishment for Tillis's offense includes imprisonment for a term of life or for any term of not more than ninety-nine years or less than twenty-five years. *See id.* §§ 12.32(a), 22.021(f)(1). The trial court orally pronounced Tillis's punishment as "a life sentence in the institutional division of the Texas Department of Criminal Justice." The judgment, however, reflects Tillis's punishment as "LIFE WITHOUT PAROLE."

---

[3]The State also argues "that the sentence of life without parole was not an illegal sentence for which no objection is required for preservation." Given our disposition of Tillis's appellate issue, we need not address this argument. *See* Tex. R. App. 47.1.

4

Life without parole is within the range of punishment specified under the Penal Code for a capital felony, *see id.* § 12.31(a), but not for a first-degree felony, *see id.* § 12.32(a). The State points out that "Section 508.145(a)([4]) of the Texas Government Code provides that an inmate serving a sentence under 'Section 22.021, if the offense is punishable under Subsection (f) of that section,' is not eligible for release on parole," *see* Tex. Gov't Code § 508.145(a)(4), and argues that Tillis was properly convicted of violating Section 22.021(f) because the indictment alleged and the jury found that the complainant was younger than six years of age at the time of the offense. *See* Tex. Penal Code § 22.021(f)(1). Tillis acknowledges the parole provision but contends that because the special issue "was not submitted to the jury as an essential element of a distinct offense alleged in the indictment. . . . , the jury's separate finding that [the complainant] was younger than six years of age was ineffective to cause the 'no parole eligibility' [provision] of [Section] 508.145 of the Government Code to apply."

We disagree with both the State's and Tillis's contentions. The function of an inmate's eligibility for parole under the Government Code is not an aspect of the sentence for his offense under Texas Penal Code Section 22.021. *See Skinner v. State*, No. 05-17-00153-CR, 2018 WL 3545023, at *11 (Tex. App.—Dallas July 24, 2018, pet. ref'd) (mem. op., not designated for publication); *Cruse v. State*, No. 01-13-00077-CR, 2014 WL 3607250, at *4 (Tex. App.—Houston [1st Dist.] July 22, 2014, pet. ref'd) (mem. op., not designated for publication). Accordingly, courts—

including this court—have modified judgments to delete erroneous language regarding parole when the defendant was sentenced to life in prison. *See Nix v. State*, No. 02-25-00059-CR, 2026 WL 1190499, at *2 (Tex. App.—Fort Worth Apr. 30, 2026, no pet. h.) (mem. op., not designated for publication); *Skinner*, 2018 WL 3545023, at *11;[4] *Cruse*, 2014 WL 3607250, at *4.

"When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). Thus, the trial court's oral pronouncement that Tillis serve a life sentence controls over the conflicting entry in the written judgment; the entry in the judgment is erroneous. However, this error is one of form; it is a clerical error in the documentation of the oral pronouncement rather than a substantive error in judicial reasoning. *See Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) (describing a clerical error as an "error[] that w[as] not the result of judicial reasoning"). The error thus could have been corrected by the trial court's entry of a judgment nunc pro tunc. *See id.* ("A judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered.").

---

[4]We note that the same issue that Tillis raises was raised by the appellant in *Skinner* and that in *Skinner*, the State agreed that the judgment should be modified as requested by the appellant. *See* 2018 WL 3545023, at *11. The State offers no explanation for why it has taken a different position in this case.

6

As an appellate court, our "power to modify whatever the trial court could have corrected by a judgment nunc pro tunc when the information necessary to correct the judgment appears in the record . . . depends neither on a party's request nor on whether a party objected in the trial court." *Cain v. State*, 621 S.W.3d 75, 88 (Tex. App.—Fort Worth 2021, pet. ref'd) (quoting *Ette v. State*, 551 S.W.3d 783, 792 (Tex. App.—Fort Worth 2017), *aff'd*, 559 S.W.3d 511 (Tex. Crim. App. 2018)); *see also* Tex. R. App. P. 43.2(b). Accordingly, we sustain Tillis's first issue and modify the trial court's judgment on Count I so that next to "Punishment and Place of Confinement" it reads, "LIFE ID-TDCJ: Confinement."

Tillis also notes—and the State agrees—that the judgment erroneously reflects that he pled true to the special issue. Pursuant to our authority to modify a judgment "to make the record speak the truth when the matter has been called to [our] attention by any source," *see French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992), we modify the judgment on Count I to delete the words "PLEAD TRUE AND" from the last line of text in the box underneath the heading, "Furthermore, the following special findings or orders apply."

Finally, the State asks that we "modify the judgment to reflect that Tillis was convicted of 'Super Aggravated Sexual Assault of a Child Under Six' and of violating Section 21.021(f) [sic]"[5] but argues in the alternative that "if this [c]ourt elects not to

---

[5]In *Gutierrez v. State*, decided after Tillis's trial, the court of criminal appeals held "that [S]ubsection (f) of . . . Section 22.021 of the Penal Code creates two different

7

reform the judgment to show a conviction under Section 22.021(f), the judgment should still be reformed to show that the jury made the factual finding that the complainant was less than six years old when the offense occurred, rendering Tillis ineligible for release on parole." Based on statutory authority and recent precedent from the court of criminal appeals, we grant both requests.

In *Tucker v. State*, the appellant had been convicted of "super[ ]aggravated sexual assault of a child." No. PD-1059-24, 2026 WL 387436, at *1 (Tex. Crim. App. Feb. 12, 2026). The State requested a judgment nunc pro tunc to reflect that the appellant's victim was under six years old at the time of the offense by adding "(f)(1)" as a subsection in the "Statute for Offense" box. *Id.* The court of criminal appeals remanded the case to the trial court and ordered the trial court to modify the judgment of conviction to show "PC 22.021(a)(2)(B), (f)(1)" in the "Statute for Offense" box. *Id.* We similarly modify the trial court's judgment on Count I to show "Penal Code 22.021(a)(2)(B), (f)(1)" under the heading "Statute for Offense." *See* Tex. R. App. P. 43.2(b).

Further, a conviction for aggravated sexual assault of a child subjects the defendant to the sex offender registration requirements in Chapter 62 of the Code of

---

statutory elements that the State can prove to allege an offense for super aggravated sexual assault of a child." 710 S.W.3d 804, 813 (Tex. Crim. App. 2025). Both Tillis and the State use the term "super aggravated sexual assault of a child" in their briefs.

Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 62.001(5)(A),[6] 62.051(a); *see also Skinner*, 2018 WL 3545023, at *11. A judgment of conviction must include a statement that the registration requirements of Chapter 62 apply to the defendant and a statement of the age of the victim. Tex. Code Crim. Proc. art. 42.01, § 1(27). We therefore modify the trial court's judgment on Count I to include "special findings" that the victim was younger than six years of age at the time of the offense and that the registration requirement of Texas Code of Criminal Procedure Chapter 62 applies to Tillis. *See* Tex. R. App. P. 43.2(b); *Skinner*, 2018 WL 3545023, at *11.

### III. Conclusion

The trial court's judgment on Count IV is affirmed in all respects. The trial court's judgment on Count I is modified to (1) delete the language "WITHOUT PAROLE" from the line labeled "Punishment and Place of Confinement" and the words "PLEAD TRUE AND" from the "Special Findings" box; (2) add ", (f)(1)" after "Penal Code 22.021(a)(2)(B)" under the "Statute for Offense" heading; and (3) add language indicating that the victim was younger than six years of age at the time of the offense and that the sex offender registration requirement of Chapter 62, Texas Code of Criminal Procedure, applies to Tillis. As modified, the trial court's judgment on Count I is affirmed. *See* Tex. R. App. P. 43.2(a), (b).

---

[6]Article 62.001(5)(A) has been amended since Tillis's trial. Act of May 25, 2025, 89th Legislature, R.S., Ch. 557, H.B. 1422, § 4. The change in the statute does not affect our analysis.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 11, 2026